IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2019 MAY 30   AM 11: 38

OFFICE OF THE CLERK

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | ~~8:18CR~~ 8:19CR106 |
| CRETE CORE INGREDIENTS L.L.C., | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney, and Donald J. Kleine, Assistant United States Attorney, and defendant, Crete Core Ingredients L.L.C., through its counsel, Matthew F. Heffron, as follows:

## I
## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to a misdemeanor Information charging a violation of the Clean Water Act, a violation of Title 33, United States Code, Section 1319(c)(1)(A).

In exchange for the defendant's plea of guilty as indicated above, the United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for other known violations of Title 33, United States Code, Section 1319 as of the date this agreement is signed by all parties, other than as set forth above.

## II
## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.   Defendant is a person as defined under 33 U.S.C. §1362(5);

2.   Defendant violated a requirement imposed in an approved pretreatment permit;

2.   Defendant acted negligently in violating the permit.

1

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

The Clean Water Act (CWA) is the primary federal statute addressing water pollution. The CWA's stated purpose is the "restoration and maintenance of the chemical, physical, and biological integrity of the Nation's waters," 33 U.S.C. § 1311.

In 1972, Congress, in recognition of the critical part sewer systems play in water pollution abatement, devised a new approach to oversight of sewer systems and the POTWs (publicly-owned treatment works) that handle wastewater. These provisions of the CWA are commonly referred to as the pretreatment program. POTWs became subject to the National Pollutant Discharge Elimination System (NPDES) program, meaning that they are required to have a permit in order to discharge into waters of the United States, just as any other discharger into such waters. In addition, Congress directed the EPA to promulgate regulations setting pretreatment standards for those who discharge into the POTWs.

Pursuant to Section 307(b) of the CWA, 33 U.S.C. §1317(b), the EPA promulgated, "regulations establishing pretreatment standards for introduction of pollutants into [publicly owned] treatment works . . . ." These regulations are codified at 40 C.F.R. § 403.

Section 307(d), 33 U.S.C. § 1317(d), makes it "unlawful for any owner or operator of any source to operate any source in violation of any . . . pretreatment standard," promulgated pursuant to Section 307(b), 33 U.S.C §1317(b), i.e., the pretreatment standards set forth in 40 C.F.R. §§ 403.5 and 403.6.

One of the ways to achieve the goals of the CWA is through the issuance of permits. Section 402 of the CWA, 33 U.S.C. § 1342, requires the EPA Administrator to issue permits under the NPDES program for industrial users who indirectly discharge to waters of the United States by discharging to the POTWs.

Under 33 U.S.C. § 1342(b), states can apply for authority to administer their own NPDES program. State-issued NPDES permits are federally enforceable. 33 U.S.C. § 1319(c)(1)(A) and (2)(A). The State of Nebraska has been delegated the authority to administer the federal NPDES program within its state. The Nebraska Department of Environmental Quality ("NDEQ") is the state agency with the authority to administer the federal pretreatment program in Nebraska.

Crete Core Ingredients L.L.C. (hereinafter, "CCI") specializes in processing animal materials and byproducts for the pet food industry. The CCI facility is located at 2220 County Road I, Crete, NE 68333.

On June 19, 2013, CCI was issued a wastewater discharge permit under the Nebraska Pretreatment Program of NDEQ, which authorized the discharge of wastewater from the CCI facility to the City of Crete POTW. The CCI wastewater discharge permit ("NPDES permit") set forth limits on the amount of pollutants that were allowed to enter the Crete POTW. Some of those limits are:

- Biochemical Oxygen Demand (BOD) – 400 pounds per day, daily maximum
- Total Suspended Solids (TSS) – 200 pounds per day, daily maximum
- Total Kjeldahl Nitrogen (TKN) – 150 pounds per day, daily maximum.

The permit stated that permittees are subject to "penalties and sanctions as provided by the Clean Water Act."

On or about August 5, 2014, CCI negligently exceeded its wastewater discharge permit under the Nebraska Pretreatment Program of NDEQ. Specifically, August 5, 2014, wastewater flow data from the CCI facility to the City of Crete POTW showed a BOD flow of 1138 pounds (738 pounds over the daily maximum), a TKN flow of 176 pounds (26 pounds over the daily maximum), and TSS flow of 776 pounds (576 pounds over the daily maximum).

## III

## PENALTIES

A. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 5 year term of probation;
2. A maximum $25,000 fine per day of violation; and
3. A mandatory special assessment of $125 per count.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or

regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a fine of $100,000, payable at the time of sentencing. The Court, in its discretion, may impose a term of probation. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

B. FACTUAL BASIS AND RELEVANT CONDUCT INFORMATION.

The parties agree that the facts in the factual basis paragraph of this agreement, if any, are true, and may be considered as relevant conduct under U.S.S.G. 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea);

    (b) A claim of ineffective assistance of counsel; and

    (c) Pursuant to Federal Rule of Criminal Procedure 11(c)(5).

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later

find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, but before sentencing, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement before sentencing, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

Acknowledging that Pretreatment Permit violations sometimes are subject to minor, unsubstantial violations even with a diligent corporation, it could not be considered a crime for the purpose of this section unless such Pretreatment Permit violation is identified as being in Significant Noncompliance (SNC) with its Pretreatment Permit, as reissued by the NDEQ. For purposes of this section, SNC shall be interpreted as set out in a Memorandum of the U.S. EPA dated September 21, 1995 entitled, "Revision of NPDES Significant Noncompliance (SNC) Criteria to Address Violations of Non-Monthly Average Limits," as available on the U.S. EPA web site.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

C. Pursuant to 18 U.S.C. 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $125 for the misdemeanor count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

D. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

E. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

|  |  |
|---|---|
|  | UNITED STATES OF AMERICA<br>JOSEPH P. KELLY<br>United States Attorney |
| 5/30/2019<br>Date | _____<br>DONALD J. KLEINE<br>ASSISTANT U.S. ATTORNEY |
| 5/30/19<br>Date | _____<br>CRETE CORE INGREDIENTS L.L.C.<br>DEFENDANT |
| March 12, 2019<br>Date | _____<br>MATTHEW F. HEFFRON<br>COUNSEL FOR DEFENDANT<br><br>_____ 5-30-19 |

7